GEORGE DIERSING V. STATE OF OHIO.

SUFFICIENCY OF EVIDENCE TO CONVICT FOR SELLING ADULTERATED MILK.

> The admitted sale of milk which was below standard, from a wagon belonging to the defendant and from cans which contained the supply he had delivered to his customers, does not justify his conviction of selling milk below standard, where the evidence fails entirely to show that the boy who made the sale was authorized to sell milk, or had ever sold any before, but that he sold the milk on this occasion without the knowledge of the owner, while temporarily in charge of the wagon, and did not account to the owner for the money received therefor.

[For other cases in point, see 4 Cyc. Dig., "Food Laws," §§ 32-40.—Ed.]

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

A. H. Bode, for plaintiff in error.

C. F. Williams, for defendant in error.

SWING, J.

George Diersing was arrested, tried and convicted before M. Muller, a justice of the peace in the city of Cincinnati, on a warrant sworn to by John J. Kinney, assistant dairy and food commissioner of Ohio. The offense charged in the affidavit of Kinney was, that said George Diersing did, on June 29, 1905, through his agent, Joseph Kurrus, sell to said Kinney one-half pint of milk, which said milk contained only 10 63-100 per cent of total solids, which it is alleged is contrary to the law of the state.

The evidence is all embodied in a bill of exceptions. The case was taken on error to the court of common pleas, and in that court the judgment of the justice was affirmed. Error is prosecuted to this court to reverse the judgments of said courts. The error relied on is, that the evidence is insufficient to sustain the judgments.

There is no question but that Kinney purchased from a boy who, at the time, was in charge of the wagon of Diersing, a half pint of milk; that Diersing was in the business of selling milk to customers in said city; that the milk sold to Kinney by this boy was impure and contained 15 per cent of water.

The evidence shows that no such boy, by name Joseph Kurrus, was ever in the employ of Diersing, but a boy by the name of Webber was

Hamilton County.

in the employ of Diersing, and was in control of said wagon at the time Kinney purchased the milk.

Diersing testified that he had served his customers, and having some business to transact, left his wagon in Webber's charge, with instructions to meet him at Third and Walnut streets, in said city, at a certain time; that Webber was not employed by him to sell any milk, never did sell milk for him, and in this instance did not report to him any sale or pay him any money for the sale of milk. The boy Webber ran away shortly after this, and has not been found. There is nothing in the evidence to disprove the statement of Diersing except the circumstance above referred to.

We think this is insufficient to sustain the conviction. It was incumbent on the state to prove by clear and convincing evidence that the boy was the agent of Diersing for the sale of this milk. There is nothing unreasonable in what Diersing says about this boy. He was employed about his place to wash cans and take care of his horses; never had sold any milk for him; came to town that day to buy some things at the store; did not authorize him to sell any milk, and he did not report to him that he had sold any milk. No other sale was shown to have been made by this boy at this time or at any other time. It is fairly shown that the milk belonged to Diersing; it was sold out of his cans and out of his wagon. He says that he came to town with thirty-five gallons of milk; had served his customers and there was probably two gallons left in the cans. The mere fact that the boy in charge of his wagon and his milk sold the milk does not of itself prove by clear and satisfactory evidence that the boy was authorized to sell in the absence of other evidence showing sales by the boy for Diersing or other direct evidence that Diersing authorized him to sell. Diersing says he never authorized him to sell any milk; that the boy never did sell milk for him and he never employed him to sell milk. The boy could not bind Diersing, unless Diersing authorized him to sell, and such authority is not shown in a clear and satisfactory way by showing a single sale by the boy, especially when weighed in connection with the evidence of Diersing which seems to be clear, reasonable and satisfactory.

The judgments of the court of common pleas and of the justice of the peace should be reversed, and Diersing discharged, for the reason that said conviction is not sustained by sufficient evidence.

**Jelke** and **Giffen, JJ.,** concur.